UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INTERNACIONAL REALTY, INC., USA BRADENTON, LLC; USA MEYER PARK I, LLC; USA MEYER PARK II, LLC; USA SEASONS, LLC; CHASCO APARTMENTS, LLC; USA COURT VILLAGE, LLC; USA SAVOY, LLC; and USA HOLLISTER PLACE GP, LLC, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. SA 07-CA-0981 XR |
| v. | ) ) | |
| DONALD L. FERRARI; ST. GEORGE FINANCIAL, INC.; and GENOA TRADING COMPANY, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

On this date the Court considered Plaintiffs' motion to dismiss Defendants' two counterclaims in the above-numbered and styled case (Document No. 49), filed May 25, 2008, and Defendants' objections to the motion. After careful consideration, the Court GRANTS Plaintiffs' motion to dismiss Defendants' breach of contract claim and DENIES Plaintiffs' motion to dismiss Defendants' quantum meruit claim.

**PROCEDURAL BACKGROUND**

Plaintiffs/ Counter-Defendants (Internacional Realty (IRI)) brought suit against Donald Ferrari and his companies, Genoa Trading Company and St. George Financial, in October 2007, for breach of contract.

1

The allegations stemmed from a 2002 meeting in which the Plaintiffs allege that Ferrari offered to refer registered representatives and brokers to, and secure equity investors for, Plaintiffs' apartment investment projects (FeeCos/ LLCs) on a project-by-project basis in return for a referral fee based upon the equity obtained from [his] services.  Document 21 at 8.  Both parties, however, agree that no written contract was made to specify the terms of the agreement. *See* Document 52 at 2. Regardless, pursuant to this alleged agreement, after project closings occurred, IRI, acting as wholesaler for Investment LLCs projects, received invoices from the Defendant addressed to the LLCs for payment.  *Id*. at 3.  According to the Plaintiffs, Ferrari accepted checks, totaling over $600,000, from the LLCs in payment of his services on all but two occasions.  *Id*.

IRI relied on Ferrari's description of his services in paying the invoices, however, IRI contends that Ferrari breached their agreement because he performed no services, or virtually no services, in exchange for the payments he received.  *Id*. at 7.  *See also* Document 52 Exhibit B. IRI also asserts that Ferrari was in breach because he did not perform services on a project-by-project basis as promised, [and] did not perform services customary of a wholesaler in the industry.  *Id*.

Ferrari responded to the Plaintiffs' complaint admitting that he never undertook any contractual obligation to provide any services to the Plaintiffs.  Document 52 at 2.  In his counterclaim, he argues in the alternative that if there was an enforceable agreement, his obligations under the contract were to refer broker advisors looking for 1031 investment opportunities for their investors to US Advisor and IRI partner, Kevin Fitzgerald.  If those investors closed business with the Plaintiffs, then Plaintiffs would pay Defendants a two percent

referral fee based on a percentage of the total amount invested.  *Id*.

Accordingly, Ferrari asserts two counterclaims against the Plaintiffs: (1) Plaintiffs were in breach of contract because they failed to pay Ferrari referral fees; and (2) Defendants are entitled to recovery under quantum meruit because they provided valuable referral services to the Plaintiffs.  *See* Document 38 at 8-9.

Plaintiffs, however, argue that Ferrari made two admissions that prohibit him from bringing these claims: (1) Defendant admitted in his answer that there was no legal obligation on the part of the Plaintiffs to pay Defendants; and (2) Defendant testified in his supplemental affidavit that he never requested any compensation from USA or IRI for any referrals that would result in an equity investment.  *See* Document 49 at 1 footnote 1.

## ANALYSIS

In determining the merits of a 12(b)(6) motion to dismiss, the Court "may not look beyond the pleadings" in ruling on the motion.  *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).  Here, Defendants submitted exhibits with their response that were relied upon by the Court. Because the Court has gone beyond the pleadings, it is appropriate to treat this motion as one for summary judgment.

The Federal Rules provide that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of informing the

court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must present evidence setting forth "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

*I. Ferrari's Breach of Contract Counterclaim*

Rule 8(e)(2) allows for a party to state as many separate claims or defenses as the party has regardless of consistency. This rule is meant to encourage parties to plead not only what they know is factually true, but also any fact that they believe 'there is good ground to support it.' *Continental Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir 1971) citing *Giannone v. United States Steel Corp.*, 238 F.2d 544, 547- 548 (3d Cir 1956). However, when a party makes a judicial admission, it is binding against the party, and it may not dispute the admission or introduce evidence contrary to it. *Bowen v. Robinson*, 227 S.W.3d 86, 92 (Tex.App.– Houston [1st Dist.] 2006 (pet. denied)).

As a matter of law, Defendant has no breach of contract counterclaim. Defendant Ferrari made a judicial admission when he answered that the Plaintiffs were neither legally or contractually required to pay the Defendants. Document 38 at 4. The Fifth Circuit has analyzed "pleadings" under the Fed. R. Civ. P. 7(a) framework to determine that pleadings, for the purposes of judicial admissions, include statements made in the complaint, answer, reply to counterclaim, answer to cross-claim, third-party complaint, third-party answer, and replies to an answer if ordered by the court. *Mullins v. TestAmerica, Inc.*, 2006 U.S. Dist. LEXIS 53518, *16

(N.D. Tex. 2006). Defendant admitted that no contract existed between the parties. In fact, he made this contention at least ten times in his pleadings and briefings. In his answer, Defendant admitted not only that the Plaintiffs were neither legally nor contractually bound to pay him, but he denied Plaintiffs' contention that they entered into a valid and enforceable contract. *See* Document 38 at 4, 5. Moreover, Defendant's Response stipulated that Defendant did not undertake any contractual obligation to provide any services and that he was under no obligation to refer any investment advisors to IRI. *See* Document 51 at 2; *See also* Document 52 at 2, 6.

These contentions are also supported by Ferrari's affidavit. In his affidavit Ferrari stipulated that "there was no written agreement or contract between IRI, US Advisor, Hugh Caraway, Kevin Fitzgerald, and Genoa Trading or St. George Financial or [himself]," and even more specifically that "there was no agreement at [the time of the meeting] or any other time, that [Defendant] was to provide any services to IRI or any of its investment vehicles." *See* Document 52 Exhibit A at 3, 7. He stipulated that "there was no written agreement that would obligate [the] Plaintiffs to pay [him] a referral fee if any referrals . . . resulted in an equity investor actually investing through [US Advisor] and Kevin Fitzgerald." Document 52 Exhibit A at 7. Moreover, "there was no legal obligation or written agreement on the part of USA or IRI to pay [him] a referral fee for introductions . . . nor was there any legal or contractual compulsion to do so." *See* Document 52 Exhibit A at 5-6, 7.

Following *Mullins*, the statements made by Ferrari in his answer and response were judicial admissions. As a result, Defendant cannot now assert through his counterclaim that a contract existed; to do so would dispute admissions that the Court has already found as binding. On these grounds, Defendants breach of contract counterclaim is dismissed.

*II. Defendant's Quantum Meruit Counterclaim*

Defendants seek recovery under a second counterclaim of quantum meruit. Defendants allege that they provided valuable referral services to the counter-defendants resulting in equity investments in and through counter-defendants that measure, upon information and belief, in the hundreds of millions of dollars. Document 38 at 9. A party can only recover under quantum meruit if no express contract existed covering the services or materials furnished. *Southwest Elects. Indus., Inc. v. Fair-Rite Prods. Corp.*, 2008 WL 2358226, *6 (Tex.App.– Dallas June 11, 2008 (no pet. h.)). Because Defendants admitted in their answer that the Plaintiffs were under no legal or contractual obligation to pay the Defendants, they are not precluded from asserting this claim on contractual grounds.

Recovery under quantum meruit is appropriate when non-payment results in an unjust enrichment to the party benefitted by the work. See *Id*. To recover a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged; (4) under such circumstances as reasonably notified the person sought to be charged that the [counter-plaintiff] in performing such services was expecting to be paid by the person sought to be charged. *Id*.

Defendants contend that a majority of the referral fees due to them have not been paid by the Plaintiffs. Document 38 at 9. According to the Plaintiffs, Defendants had no expectation of being paid and therefore have no claim. Document 49 at 7-8; See also *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 895 (Tex.App.– San Antonio 2002 (no pet.)) (holding that an individual cannot recover under quantum meruit if he had no expectation of payment). Plaintiffs contend

that Ferrari could not have expected payment for his services because he admitted in his answer that the Plaintiffs were neither legally nor contractually required to pay him. *Id*. The Court, however, finds Plaintiffs' argument to be excessive. Although Plaintiffs may not have been under an obligation to pay the Defendant, Ferrari's affidavit attests to the fact that he did expect compensation for his services. Defendant did "expect that if [he] referred investment advisors to US Advisor, and those referrals resulted in high net worth investors purchasing investments in the Plaintiffs' products, [ he] would be paid a two percent finder's fee or referral fee of the total investor investment." Document 52 Exhibit D.

Additionally, a finder's fee was "standard" practice in the industry for referral services. *See* Document 52 Exhibit D. Defendant has been in the real estate investment business "for over thirty years," thus he could have reasonably expected, as part of custom, that such payment would be given in exchange for referrals. Document 52 Exhibit A. Regardless, Defendant explicitly stated in a sworn affidavit that he expected to be paid for his services. The Court finds that sufficient to support the expectation requirement required for quantum meruit.

## CONCLUSION

As discussed above, the Court finds that Defendants' counterclaim for breach of contract should be dismissed because Defendant Ferrari judicially admitted that neither he nor his companies were ever under a legal obligation to the Plaintiffs. Defendants, however, have submitted sufficient evidence to establish the expectation requirement necessary to support quantum meruit. Accordingly, the Court GRANTS Plaintiffs' motion to dismiss Defendants' breach of contract claim, and DENIES Plaintiffs' motion to dismiss Defendants' claim for quantum meruit.

It is so ORDERED.

SIGNED this 8th day of July, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE